Reymo **OBREGON–ROCHA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–73590.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 14, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Ila C. Deiss, Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

## MEMORANDUM **

Reymo Obregon–Rocha, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") order of removal. We grant the petition for review and remand for further proceedings.

The government contends that Obregon–Rocha failed to exhaust his argument that the "purpose or benefit" component of 8 U.S.C. § 1227(a)(3)(D)(i) was not satisfied in his case. We disagree. In *Zara v. Ashcroft*, 383 F.3d 927 (9th Cir. 2004), we applied the principle that government briefs may exhaust issues for petitioners. The DHS brief to the BIA in this case stated considerably more than that filed in *Zara. See id.* at 930–31. Even though the brief mentioned only the removability ground's "false claim" aspect, it specifically referred to the page of the IJ's decision discussing the provision's "purpose or benefit" component. The BIA was therefore adequately put on notice of the issue, and this court has jurisdiction to review it. *See generally Abebe v. Gon-*

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

*zales,* 432 F.3d 1037, 1041 (9th Cir.2005) (en banc) (restating policy concerns underlying exhaustion).

We do not reach the merits of Obregon–Rocha's petition, however. In sustaining the removability charge, the IJ did not specify what legal "purpose or benefit" she identified in concluding that Obregon–Rocha's false representation of citizenship on the Firearms Transaction Record was "for the purpose of gaining a benefit under Nevada law." We are aware of no precedential BIA authority construing 8 U.S.C. § 1227(a)(3)(D)(i)'s requirement that a false representation of American citizenship be "for any purpose or benefit under this Act ... or any Federal or State law." In these circumstances, we decline to affirm a streamlined BIA decision where the IJ's decision rested on a novel statutory issue as to which there is no applicable BIA or judicial precedent. *Cf. Chen v. Ashcroft,* 378 F.3d 1081, 1088 (9th Cir. 2004) ("When confronted with a novel legal issue, we could decide the case based on application of law to the facts. However, we believe the better course in this case is to remand to the agency for its consideration of the issue in the first instance.").

We remand this case to the agency for it to address the parties' legal arguments in the first instance and to clarify how, in its view, 8 U.S.C. § 1227(a)(3)(D)(i) applies to the facts here. *See Gonzales v. Thomas,* —— U.S. ——, ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam) ("The matter requires ... deciding whether the facts as found fall within a statutory term."). We note, in particular, that the Firearms Transaction Record explains that citizenship status is requested because of its pertinence to determining an individual's state of residence, if any. *See* 27 C.F.R. § 478.11 ("An alien who is legally in the United States shall be considered to be a resident of a State only if the alien is residing in the State and has resided in the State for a period of at least 90 days prior to the date of sale or delivery of a firearm."); *see also* 18 U.S.C. § 922(b)(3) (2000) (prohibiting firearms sales to non-residents of a licensee's State).

This panel shall retain jurisdiction over any further petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**